# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA A. WILLARD,<br><br>            Plaintiff,<br><br>    v.<br><br>MORENO,<br><br>            Defendant. | Case No.  1:14-cv-00521-LJO-JLT (PC)<br><br>**FINDINGS AND RECOMMENDATIONS RECOMMENDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTIVE RELIEF BE DENIED FOR LACK OF JURISDICTION**<br><br>**(Doc. 9)**<br><br>**15-DAY OBJECTION DEADLINE** |

      Plaintiff, Joshua A. Willard, is a state prisoner proceeding pro se and informa pauperis in this civil action pursuant to 42 U.S.C. § 1983.  Plaintiff filed this action on April 14, 2014. (Doc. 1.)  On June 9, 2014, Plaintiff filed a notice of imminent danger in which he asserts that correctional officers are using other inmates to carry out acts of violence against him in retaliation for Plaintiff having filed complaints.  (Doc. 9.)  Plaintiff requests the Court to "please help" and that his concerns be brought to the attention of the warden or associate warden.  (*Id.*)  This is construed as a motion for injunctive relief.

      This action is proceeding on Plaintiff's claim for relief under section 1983 against Defendant Moreno, R.N. for deliberate indifference to Plaintiff's serious medical needs in violation of the Eighth Amendment.  (Doc. 10.)

///

1

1  Federal courts are courts of limited jurisdiction and in considering a request for
2  preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it
3  have before it an actual case or controversy. *City of Los Angeles v. Lyons*, 461 U.S. 95, 102, 103
4  S.Ct. 1660, 1665 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church*
5  *and State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or
6  controversy before it, it has no power to hear the matter in question. *Id.* Requests for prospective
7  relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which
8  requires that the Court find the "relief [sought] is narrowly drawn, extends no further than
9  necessary to correct the violation of the Federal right, and is the least intrusive means necessary to
10  correct the violation of the Federal right."

   Regardless, the pendency of this action does not give the Court jurisdiction over prison
officials in general or over the conditions of Plaintiff's confinement. *Summers v. Earth Island*
*Institute*, 555 U.S. 488, 492-93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir.
2010). The Court's jurisdiction is limited to the parties in this action and to the cognizable legal
claims upon which this action is proceeding. *Summers*, 555 U.S. at 492-93; *Mayfield*, 599 F.3d at
969.

   Plaintiff does not seek the temporary restraining order and/or preliminary injunction
against the sole Defendant in this action. "A federal court may issue an injunction [only] if it has
personal jurisdiction over the parties and subject matter jurisdiction over the claim; *it may not*
*attempt to determine the rights of persons not before the court*." *Zepeda v. United States*
*Immigration Service*, 753 F.2d 719, 727 (9th Cir. 1985) (emphasis added). Thus, Plaintiff's
motion must be denied for lack of jurisdiction over the "officers" who Plaintiff asserts are using
other inmates to carry out acts of violence against him.

   Plaintiff is not precluded from attempting to state cognizable claims in a new action if he
believes his civil rights are being violated beyond his pleadings in this action. The issue is not that
Plaintiff's allegations are not serious, or that Plaintiff is not entitled to relief if sought in the
proper forum. The seriousness of Plaintiff's accusations concerning obstructing Plaintiff's access
to his legal materials and the law library cannot and do not overcome what is a *jurisdictional* bar.

*Steel Co.*, 523 U.S. at 103-04 ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.")  This action is simply not the proper vehicle for conveyance of the relief Plaintiff seeks. [1]

Accordingly, the Court HEREBY RECOMMENDS that Plaintiff's motion for injunctive relief, filed June 9, 2014 (Doc. 9), be denied for lack of jurisdiction.  However, it is also recommended that the Clerk's Office be directed to forward a copy of this order and Plaintiff's motion to the Warden's office and to Litigation Coordinator at Kern Valley State Prison via facsimile to make them aware of Plaintiff's safety concerns.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **15 days** after being served with these Findings and Recommendations, Plaintiff may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   **June 18, 2014**                        **/s/ Jennifer L. Thurston**
                                                                 UNITED STATES MAGISTRATE JUDGE

---

[1] Plaintiff's motion also fails to make the requisite showing, supported by admissible evidence, to obtain a preliminary injunction.  *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7, 20-4, 129 S.Ct. 365, 376 (2008).  However, it is unnecessary to reach the merits of Plaintiff's motions in light of the fact that the jurisdictional issue is fatal to his requests for relief. *Summers*, 555 U.S. at 493, 129 S.Ct. at 1149; *Mayfield*, 599 F.3d at 969.