1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9
10

11   JOSHUA A. WILLARD,                    Case No. 1:14-cv-00521-JLO-JLT (PC)

12              Plaintiff,                  FINDINGS AND RECOMMENDATIONS TO
                                           DENY DEFENDANT'S MOTION TO
13        v.                               DISMISS

14   L. MORENO,                            (Doc. 15)

15              Defendant.                 30-DAY DEADLINE

16

17        In this action, Plaintiff is claims Defendant violated the Eighth Amendment claim by

18   acting with deliberate indifference to his serious medical needs.  (*See* Doc. 13, Service O.)   Now

19   before the Court is Defendant's motion to dismiss which argues that an attachment to the

20   complaint contradicts the allegations made such to warrant a dismissal of the action.

21   **I.  Legal Standards**

22        A motion to dismiss brought pursuant to Rule 12(b)(6) tests the legal sufficiency of a

23   claim.  Dismissal is proper if there is a lack of a cognizable legal theory or the absence of

24   sufficient facts alleged under a cognizable legal theory.  *Conservation Force v. Salazar*, 646 F.3d

25   1240, 1241-42 (9th Cir. 2011), *cert. denied*, 132 S.Ct. 1762 (2012).  In resolving a 12(b)(6)

26   motion, a court's review is generally limited to the operative pleading.  *Daniels-Hall v. National*

27   *Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010); *Sanders v. Brown*, 504 F.3d 903, 910 (9th Cir.

28

2007); *Huynh v. Chase Manhattan Bank*, 465 F.3d 992, 1003-04 (9th Cir. 2006); *Schneider v. California Dept. of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998).

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim that is plausible on its face. *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *Conservation Force*, 646 F.3d at 1242; *Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009). The Court must accept well-pled factual allegations as true and draw all reasonable inferences in favor of the non-moving party. *Daniels-Hall*, 629 F.3d at 998; *Sanders*, 504 F.3d at 910; *Huynh*, 465 F.3d at 996-97; *Morales v. City of Los Angeles*, 214 F.3d 1151, 1153 (9th Cir. 2000). Prisoners proceeding *pro se* are still entitled to have their pleadings liberally construed and to have any doubt resolved in their favor, *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012); *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Silva v. Di Vittorio*, 658 F.3d 1090, 1101 (9th Cir. 2011); *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010).

Further, "[i]f there are two alternative explanations, one advanced by defendant and the other advanced by plaintiff, both of which are plausible, plaintiff's complaint survives a motion to dismiss under Rule 12(b)(6)." *Starr v. Baca*, 652 F.3d 1202, 1216-17. "Plaintiff's complaint may be dismissed only when defendant's plausible alternative explanation is so convincing that plaintiff's explanation is *im*plausible. The standard at this stage of the litigation is not that plaintiff's explanation must be true or even probable. The factual allegations of the complaint need only 'plausibly suggest an entitlement to relief.'" *Id.*, quoting *Iqbal*, 556 U.S. at 678 (emphasis in original). "Rule 8(a) '*does not impose a probability requirement at the pleading stage*; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence' to support the allegations." *Id.*, quoting *Twombly*, 550 U.S. at 556 (emphasis added in *Starr*).

**II.  Discussion**

Defendant argues the complaint should be dismissed because it is contradicted by an exhibit to the Complaint which is found at page 34. (Doc. 15.)

///

**A. Plaintiff's Allegations**

Plaintiff alleges that on October 31, 2013, he sent a request for medical care to Defendant. When he went for dental care on November 1, 2014, he personally gave Defendant another request for medical care and that both of these requests for medical care pertained to serious stomach cramping he was having which caused extreme pain.  Plaintiff alleges Defendant did not respond to either request until two weeks later when he called Plaintiff to the medical center on November 13, 2013.  In that encounter, Plaintiff alleges Defendant asked, "What the fuck" was Plaintiff's problem and when Plaintiff explained he was suffering from stomach cramps and desired to be examined, Defendant did not give him any medical attention and told him he was to come back in two weeks since he was fine. Plaintiff alleges that Defendant never called him back for medical treatment and that he continues to be in severe pain.

**B. Defendant's Motion to Dismiss**

Defendant asserts that Plaintiff's October 31st and November 4th health care service requests show no indication of ever being received by medical staff and that the November 7th request indicates that it was received by medical staff on November 12th through institutional mail. (Doc. 15, at p. 2.)  Defendant argues that Page 34 is the medical record from his November 13th exam of Plaintiff, which shows that he "performed a very thorough medical examination and did not find anything wrong" with Plaintiff.  (*Id.,* at pp. 1-3:14.)   Defendant further argues that Page 34 can and should be considered since it contradicts Plaintiff's allegations and is attached as an exhibit to the Complaint.  (*Id.*, at 6.)  Defendant also argues that Plaintiff's allegations amount to nothing more than a disagreement with Defendant's diagnosis.  (*Id.*, at 7.)

Plaintiff counters that he alleges that he hand delivered his November 1st health care services request to Defendant, but that Defendant did not call him to be examined until two weeks after that and when he did see Plaintiff, Defendant did nothing more than chide him and tell him to come back in two weeks, but never called Plaintiff back for a two week follow-up.  (Doc. 16, pp. 2-3.)  Plaintiff alleged as much in the Complaint.  (*See* Doc. 1, pp. 3-4.)

Plaintiff counters Defendant's argument that the note on the November 7th health care services request (seems to show it was received by medical staff via institutional mail on

1    November 12th) is false and incorrect as these forms are not mailed, but are picked up by the LVN

2    during medication dispersal.  Plaintiff explains that it was during medical dispersal when he gave

3    Defendant his request on November 1st.  (Doc. 16, at p.3.)  Plaintiff further argues that the

4    contents of Page 34 are false and incorrect to the extent it shows Defendant examined him.  (*Id.*, at

5    p.3.)

6         When and how Plaintiff's health care services requests were received is important to the

7    issue of when Defendant first had notice that Plaintiff was experiencing a serious medical issue for

8    which he desired treatment.  However, the crux of Plaintiff's claim is that he was denied medical

9    care by Defendant.  To this end, Defendant argues that he is exonerated by Page 34 and that this

10   entire action should be dismissed since its contents contradict Plaintiff's allegations.

11        Although generally the scope of review on a motion to dismiss for failure to state a claim is

12   limited to the Complaint, a court may consider evidence on which the "complaint 'necessarily

13   relies' if: (1) the complaint refers to the document; (2) the document is central to the plaintiff's

14   claim; and (3) no party questions the authenticity of the copy attached to the 12(b)(6) motion."

15   *Marder v. Lopez*, 450 F.3d 445, 448 (9th Cir.2006) (quoting *Branch v. Tunnell*, 14 F.3d 449, 453–

16   54 (9th Cir.1994)).  Plaintiff's Complaint does not "necessarily rely" on Page 34, nor is it central to

17   Plaintiff's claim -- to the contrary, Plaintiff's alleges and argues that this exam never took place.

18   Further, while the Complaint refers to Page 34, it only does so generally as part of "Exhibit A" to

19   support his response under the section of the complaint form that inquires whether administrative

20   remedies have been exhausted.  (Doc. 1, p. 2.)  Neither Page 34, nor any other page of Exhibit A

21   are mentioned or referred to in Plaintiff's factual allegations.  Finally, Plaintiff (both by his

22   allegations and his opposition to the motion to dismiss which is signed under penalty of perjury)

23   clearly questions the authenticity and reliability of the contents of Page 34.  Thus, Page 34 should

24   not be treated as part of the Complaint for purposes of Defendant's motion to dismiss for failure to

25   state a claim.

26        Further, Defendant asserts that Page 34 shows he "performed a very thorough medical

27   examination and did not find anything wrong with [Plaintiff]."  (Doc.15-1, 1:22-25.)  Yet Plaintiff

28   asserts that he presented to Defendant, but that Defendant merely chided him and told him to

return in two weeks, but then never called for Plaintiff to return for the follow-up exam.  (Doc. 1, pp. 3-4; Doc. 16, p. 2.)  Unfortunately, this Court has seen a number of lawsuits filed by prisoners that allege they appeared for medical attention only that was not given despite that the records show otherwise, so it cannot be said that Plaintiff's explanation of events is implausible.   The Court cannot determine at this stage whether Plaintiff's version is more credible than Defendant's but because both Plaintiff's allegations are not facially implausible, the motion to dismiss must be denied.  *Starr*, 652 F.3d at 1216-17.

Finally, Defendant's argument that Plaintiff's allegations amount to a mere difference of opinion—and are, therefore, not cognizable—falls short as well.  Plaintiff's allegations, as discussed above, do not indicate that he disagreed with Defendant's care, treatment, or recommendation therefore, but rather that Defendant *refused* to examine Plaintiff despite knowing he was suffering painful abdominal cramps.  Thus, Defendant's motion to dismiss Plaintiff's Complaint per Rule 12(b)(6) for failure to state a cognizable claim should be denied.

**IV.  Recommendations**

Based on the foregoing, it is HEREBY RECOMMENDED that Defendants' motion to dismiss for Plaintiff's failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), filed on September 12, 2014 (Doc. 15), be DENIED.

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **Within 30 days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   __July 9, 2015__                           _____**/s/ Jennifer L. Thurston**
                                                    UNITED STATES MAGISTRATE JUDGE

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28