# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA A. WILLARD, | Case No. 1:14-cv-00521-LJO-JLT (PC) |
| Plaintiff, | **FINDINGS AND RECOMMENDATION TO DENY DEFENDANT'S MOTION FOR SUMMMARY JUDGMENT** |
| v. | |
| L. MORENO, | **(Doc. 30)** |
| Defendant. | **21-DAY DEADLINE** |

In this action, Plaintiff claims Defendant violated the Eighth Amendment by acting with deliberate indifference to his serious medical needs. (*See* Doc. 13.) Now before the Court is Defendant's motion for summary judgment under Federal Rule of Civil Procedure 56 on the merits of Plaintiff's claim. For the reasons that follow, the Court recommends Defendant's motion for summary judgment should be **DENIED.**

**I.    Summary Judgment Standard**

Summary judgment is appropriate where there is "no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Washington Mutual Inc. v. U.S.*, 636 F.3d 1207, 1216 (9th Cir. 2011). An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986); *Wool v. Tandem Computers, Inc.,* 818 F.2d 1422, 1436 (9th Cir. 1987). The Court determines only whether there is a genuine issue for trial and in doing

so, it must liberally construe Plaintiff's filings because he is a *pro se* prisoner. *Thomas v. Ponder*, 611 F3d 1144, 1150 (9th Cir. 2010) (quotation marks and citations omitted).

In addition, Rule 56 allows a court to grant summary adjudication, or partial summary judgment, when there is no genuine issue of material fact as to a particular claim or portion of that claim. Fed. R. Civ. P. 56(a); *see also Lies v. Farrell Lines, Inc.*, 641 F.2d 765, 769 n.3 (9th Cir. 1981) ("Rule 56 authorizes a summary adjudication that will often fall short of a final determination, even of a single claim . . .") (internal quotation marks and citation omitted). The standards that apply on a motion for summary judgment and a motion for summary adjudication are the same. *See* Fed. R. Civ. P. 56 (a), (c); *Mora v. Chem-Tronics*, 16 F.Supp.2d 1192, 1200 (S.D. Cal. 1998).

Each party's position must be supported by (1) citing to particular parts of materials in the record, including but not limited to depositions, documents, declarations, or discovery; or (2) showing that the materials cited do not establish the presence or absence of a genuine dispute or that the opposing party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1) (quotation marks omitted). The Court may consider other materials in the record not cited to by the parties, but it is not required to do so. Fed. R. Civ. P. 56(c)(3); *Carmen v. San Francisco Unified School Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001); *accord Simmons v. Navajo County, Ariz.*, 609 F.3d 1011, 1017 (9th Cir. 2010).

Defendants do not bear the burden of proof at trial and, in moving for summary judgment, they need only prove an absence of evidence to support Plaintiff's case. *In re Oracle Corp. Securities Litigation*, 627 F.3d 376, 387 (9th Cir. 2010) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). If Defendants meet their initial burden, the burden then shifts to Plaintiff "to designate specific facts demonstrating the existence of genuine issues for trial." *In re Oracle Corp.*, 627 F.3d at 387 (citing *Celotex Corp.*, 477 U.S. at 323). This requires Plaintiff to "show more than the mere existence of a scintilla of evidence." *Id.* (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986)). An issue of fact is genuine only if there is sufficient evidence for a reasonable fact finder to find for the non-moving party, while a fact is material if it "might

affect the outcome of the suit under the governing law." *Anderson*, 477 U.S. at 248; *Wool v. Tandem Computers, Inc.*, 818 F.2d 1422, 1436 (9th Cir. 1987).

In judging the evidence at the summary judgment stage, the Court may not make credibility determinations or weigh conflicting evidence, *Soremekun v. Thrifty Payless Inc.,* 509 F.3d 978, 984 (9th Cir. 2007) (quotation marks and citation omitted), and it must draw all inferences in the light most favorable to the nonmoving party and determine whether a genuine issue of material fact precludes entry of judgment, *Comite de Jornaleros de Redondo Beach v. City of Redondo Beach*, 657 F.3d 936, 942 (9th Cir. 2011) (quotation marks and citation omitted), *cert. denied*, 132 S.Ct. 1566 (2012). Inferences, however, are not drawn out of the air; the nonmoving party must produce a factual predicate from which the inference may reasonably be drawn. *See Richards v. Nielsen Freight Lines*, 602 F. Supp. 1224, 1244-45 (E.D. Cal. 1985), *aff'd*, 810 F.2d 898 (9th Cir. 1987).

## II.     **Eighth Amendment Standard**

Prison officials violate the Eighth Amendment if they are "deliberate[ly] indifferen[t] to [a prisoner's] serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). "A medical need is serious if failure to treat it will result in ' "significant injury or the unnecessary and wanton infliction of pain." ' " *Peralta v. Dillard*, 744 F.3d 1076, 1081-82 (2014) (quoting *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir.2006) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir.1992), overruled on other grounds by *WMX Techs., Inc. v. Miller*, 104 F.3d 1133 (9th Cir.1997) (en banc))

To maintain an Eighth Amendment claim based on medical care in prison, a plaintiff must first "show a serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain. Second, the plaintiff must show the defendants' response to the need was deliberately indifferent." *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (quoting *Jett*, 439 F.3d at 1096 (quotation marks omitted)).

As to the first prong, indications of a serious medical need "include the existence of an

1 injury that a reasonable doctor or patient would find important and worthy of comment or
2 treatment; the presence of a medical condition that significantly affects an individual's daily
3 activities; or the existence of chronic and substantial pain." *Colwell v. Bannister*, 763 F.3d 1060,
4 1066 (9th Cir. 2014) (citation and internal quotation marks omitted); *accord Wilhelm*, 680 F.3d at
5 1122 (9th Cir. 2012); *Lopez v. Smith*, 203 F.3d 1122, 1131 (9th Cir. 2000).

6 " 'The second prong requires showing:  (a) a purposeful act or failure to respond to a
7 prisoner's pain or possible medical need and (b) harm caused by the indifference.' " *Wilhelm*,
8 680 F.3d at 1122 (quoting *Jett*, 439 F.3d at 1096).  Though a showing of harm is required, "[a]
9 prisoner need not show his harm was substantial." *Jett,* 439 F.3d at 1096, citing *McGuckin*, 974
10 F.2d at 1060.  Any showing of substantial harm would nonetheless, "provide additional support
11 for the inmate's claim that the defendant was deliberately indifferent to his needs." *Id.*

12 Deliberate indifference is a high legal standard, *Toguchi v. Chung*, 391 F.3d 1051, 1060
13 (9th Cir.2004), amounting to "a state of mind more blameworthy than negligence" which
14 "requires more than ordinary lack of due care for the prisoner's interests or safety," *Farmer v.*
15 *Brennan*, 511 U.S. 825, 835 (1994) (citation and quotations omitted).  This is shown where a
16 prison official "knows that inmates face a substantial risk of serious harm and disregards that risk
17 by failing to take reasonable measures to abate it." *Farmer*, 511 U.S. at 847.  "Under this
18 standard, the prison official must not only 'be aware of the facts from which the inference could
19 be drawn that a substantial risk of serious harm exists,' but that person 'must also draw the
20 inference.' " *Toguchi.* 391 F.3d at 1057 (quoting *Farmer*, 511 U.S. at 837).  "'If a prison official
21 should have been aware of the risk, but was not, then the official has not violated the Eighth
22 Amendment, no matter how severe the risk.'" *Id.* (quoting *Gibson v. County of Washoe, Nevada*,
23 290 F.3d 1175, 1188 (9th Cir. 2002)).

24 **III.    <u>Plaintiff's Claim</u>**

25 Plaintiff is proceeding on allegations that on October 31, 2013, he sent a request for
26 medical care to Defendant.  When he presented for dental care on November 1, 2014, Plaintiff
27 personally gave Defendant another request for medical care and both of these requests noted his
28

4

1 extreme pain and desire for treatment for stomach cramping which caused the pain.

2 Plaintiff alleges Defendant did not respond to either request until two weeks later when he called Plaintiff to the medical center on November 13, 2013. In that encounter, Plaintiff alleges Defendant asked, "What the fuck" was Plaintiff's problem? When Plaintiff explained he was suffering from stomach cramps and wanted to be examined, Defendant did not examine or give Plaintiff any medical attention; rather Defendant told Plaintiff he was fine and to come back in two weeks. Plaintiff alleges that Defendant never called him back for medical treatment which caused him to remain in severe pain thereafter.

## IV. Analysis

### A. Defendant's Motion[1]

Defendant argues that Plaintiff's claim fails as a matter of law asserting: (1) the undisputed facts show that RN Moreno provided adequate medical care to Plaintiff on November 13, 2013; (2) Plaintiff's disagreement with the medical care provided is not a basis for a constitutional violation; (3) after November 13, 2013, Plaintiff did not submit to medical staff any complaint concerning abdominal pain until February 21, 2014; and (4) after February 21, 2014, Plaintiff received adequate medical care at KVSP. (Doc. 30-2, MSJ P&A, pp. 3-4.)

Defendant's evidence shows that on November 7, 2013, Plaintiff submitted a CDCR 7362 form complaining of "...having painful stomach crampings that need to be checked out..." and Plaintiff was seen regarding this complaint on November 13, 2013 by Defendant. (UMF 11.)

On November 13, 2013 Plaintiff had subjective complaints of "I feel a cramping pain in my stomach this been going on >1 wk [greater than 1 week] now points to whole mid section." (UMF 12.) Defendant conducted a physical examination noting the following objective findings: Plaintiff's temperature was 98.0 degrees, pulse was 85, respirations was 18, blood pressure was 125/75 and he weighed 149 lbs; Plaintiff was awake; alert and oriented; ambulatory; had stable vital signs; was not in any distress; had bowel sounds in all four abdominal quadrants which were normal and active; had no abdominal distention; his abdomen was non-tender; he had very

---

[1] Disputes of fact shown by the evidence are delineated in the discussion of Plaintiff's opposition.

muscular abdominal muscles; and he had a normal bowel movement that morning. (*Id.*) Defendant assessed Plaintiff as having a perceived alteration in comfort and Defendant's plan for Plaintiff was that he engage in activities only as he could tolerate, to limit his daily abdominal exercises, and given Plaintiff was recently seen for suicidal ideation, that Plaintiff rest his mind. (*Id.*) Defendant educated Plaintiff on resting from abdominal exercises, to stay hydrated, and to return to the clinic if his symptoms return and/or do not subside. (*Id.*)

Plaintiff's vital signs were stable, he was not in any distress, and his abdomen was non-distended, non-tender, with normal and active bowel sounds, and Plaintiff reported a normal bowel movement. Based on the objective findings at the November 13, 2013 visit, there were no indications that Plaintiff had a gastrointestinal or abdominal medical condition that required treatment at that time. (UMF 14.) The physical findings at the November 13, 2013 exam did not indicate that Plaintiff had an emergent or urgent condition. (*Id.*) Defendant's advice that Plaintiff monitor his symptoms and return to the medical clinic if they returned and/or did not subside was medically appropriate advice based on Plaintiff's subjective complaints and Defendant's objective medical findings on November 13, 2013. (*Id.*) Dr. DiLeo's professional medical opinion is that on November 13, 2013, Defendant provided Plaintiff with medically acceptable care and advice based on Plaintiff's subjective complaints and Defendant's objective findings. (UMFs 14, 34.)

Defendant's evidence also shows that, even though Plaintiff was seen for other medical issues, Plaintiff did not submit to KVSP medical staff regarding his abdomen for more than three months after the November 13, 2013 visit with Defendant. (UMFs 15-25.) Defendant states that this shows Plaintiff did not have any subsequent abdominal pain or stomach cramp complaints for over three months after the November 13, 2013, which was "wholly consistent with" Defendant's "findings and assessment of Plaintiff on November 13, 2013 that Plaintiff did not have any findings to indicate a gastrointestinal or abdominal condition, or an emergent or urgent condition." (Doc. 30-2, pp. 9-10.) Defendant also asserts that his evidence further shows that after Plaintiff complained of abdominal pain and cramping, in February of 2014, Plaintiff

1  received adequate medical care and his complaints were resolved. (*Id.*, pp. 10-12.)

2  Defendant argues that the undisputed evidence shows that on November 13, 2013, he
3  examined Plaintiff and listened to Plaintiff's complaints, but found no gastrointestinal or
4  abdominal condition, nor any emergent or urgent medical condition. (Doc. 30, p. 6.) Defendant
5  thereafter advised Plaintiff to limit his daily activity, to "rest his mind and to rest from abdominal
6  exercises," stay hydrated and return if his symptoms persisted. (*Id.*) Defendant contends he
7  provided medically acceptable care to Plaintiff. (*Id.*)

8  The Court finds that Defendant has met his burden to demonstrate the absence of a
9  genuine issue of material fact. The burden therefore shifts to Plaintiff to establish that a genuine
10 issue as to any material fact exists. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475
11 U.S. 574, 586 (1986). Plaintiff may not rely upon the mere allegations or denials of his
12 pleadings, but is required to tender evidence of specific facts in the form of affidavits, and/or
13 admissible discovery material, in support of his contention that the dispute exists. Fed. R. Civ. P.
14 56(e); *Matsushita*, 475 U.S. at 586 n.11; *First Nat'l Bank,* 391 U.S. at 289; *Strong v. France*, 474
15 F.2d 747, 749 (9th Cir. 1973). However, a verified complaint, such as Plaintiff filed in this
16 action, "may be treated as an affidavit to oppose summary judgment to the extent it is 'based on
17 personal knowledge' and 'sets forth specific facts admissible in evidence.'" *Keenan v. Hall*, 83
18 F.3d 1083, 1090 n. 1 (9th Cir. 1996) (quoting *McElyea v. Babbitt*, 833 F.2d 196, 197-98 n. 1 (9th
19 Cir. 1987) (per curiam)), *amended by* 135 F.3d 1318 (9th Cir. 1998); *see also Jones v. Blanas*,
20 393 F.3d 918, 922-23 (9th Cir. 2004); *Lopez v. Smith*, 203 F.3d 1122, 1132 n. 14 (9th Cir. 2000)
21 (en banc); *Schroeder v. MacDonald*, 55 F.3d 454, 460 (9th Cir. 1995); *Lew*, 754 F.2d at 1423. If
22 the plaintiff states that the facts in the complaint are true under penalty of perjury, the pleading is
23 "verified." *Schroeder*, 55 F.3d at 460 n. 10. However, allegations, even if verified, that are
24 merely based on the inmate's belief, are insufficient. *McElyea*, 833 F.2d at 197-98; *Lew v. Kona*
25 *Hospital*, 754 F.2d 1420, 1423 (9th Cir. 1985); F.R.C.P. 56(e).

26 **B.  Plaintiff's Opposition**

27 The evidence shows that, Plaintiff started experiencing cramping/abdominal pain in 2013,

28

7

around the end of October and while only lasted for 10-15 seconds, it occurred at least 3-4 times every day and felt like he was being stabbed in the stomach. (Doc. 30-5, Willard Depo., pp. 12-13.) The evidence also shows that Plaintiff submitted three health care services request forms seeking medical care for this issue: October 31, 2013 (Doc. 1, p. 25); November 4, 2013 marked "URGENT MATTER" at the top (*id.*, p. 27); and November 7, 2013 which was also marked "URGENT MATTER" at the top (*id.*, pp. 26, 34).[2] This shows the existence of chronic and substantial pain that a reasonable doctor or patient would find important and worthy of comment or treatment. *Colwell*, 763 F.3d at 1066. Thus, this demonstrates that Plaintiff suffered a serious medical need under the first prong of the Eighth Amendment.

As to the second prong, Plaintiff's evidence shows that when he presented to Defendant on November 13, 2013, he asked Plaintiff "what the fuck" his problem was? (Doc. 33, Decl. of P, p. 19.) Plaintiff explained to Defendant that he was in pain from stomach cramping and wanted to be checked out. (*Id.*) Without examining or giving Plaintiff any medical attention, Defendant told Plaintiff that he was fine and to come back in two weeks. (*Id.*) The Court is obligated to credit the nonmoving party's version of the events and this demonstrates a purposeful act or failure to respond to Plaintiff's pain on November 13, 2013. *Wilhelm*, 680 F.3d at 1122.

The evidence presented by Defendant that Plaintiff did not seek medical attention from KVSP medical staff regarding his abdomen for more than three months after the November 13, 2013 visit (UMFs 15-25). The Defendant asserts this is "wholly consistent with" Defendant's "findings and assessment of Plaintiff on November 13, 2013 that Plaintiff did not have any findings to indicate a gastrointestinal or abdominal condition, or an emergent or urgent condition." (Doc. 30-2, pp. 9-10.) Defendant's evidence is based on Plaintiff's medical records. (*Id.*) However, this evidence also shows that on February 21, 2014, Plaintiff submitted a request

---

[2] Though none of these is dated November 1, 2013, this discrepancy does not undercut the gist of Plaintiff's allegations -- that he had submitted health care services request forms complaining of his condition, one of which he allegedly handed directly to Defendant, which occasioned his examination by Defendant on November 13, 2013. Any delay in treatment between his submission of health care request forms and being seen by Defendant on November 13, 2013, while relevant to the persistence of Plaintiff's condition, is not pivotal to the issue of what occurred in the exam on November 13th. Whether Plaintiff handed a form seeking medical care for his condition prior to the November 13th exam, and whether any subsequent delay in treatment was occasioned by Defendant was not raised in this motion and is left for the trier of fact.

for medical care complaining of stomach cramps which noted that when it occurred, the pain was 6/10. (Doc. 30-1, UMF 25.) On March 2, 2014, Plaintiff submitted another medical request complaining of stomach cramping that comes and goes and that he still had not seen a doctor (UMF 26). On March 5, 2014, Plaintiff was seen by Dr. DiLeo for chief complaints of hypertension and abdominal pain during which Plaintiff reported having stomach cramps since October of 2013. (UMF 27.) Plaintiff pointed to his umbilical area and described it as stabbing pain that occurred without changing position. (UMF 27.) The doctor prescribed Tylenol and ordered labs to evaluate the condition. (UMF 27.) The lab-work was completed in March and April of 2014 (UMF 28) and was negative for any gastrointestinal or abdominal condition (UMF 29).

On April 10, 2014, Dr. DiLeo saw Plaintiff again and tentatively diagnosed him with irritable bowel syndrome (IBS) and prescribed dicyclomine. (UMF 30.) This controlled his symptoms relatively well until June 13, 2014 when it was improperly discontinued and Plaintiff filed a medical request form to get it reinstated. (UMF 32.) Thus, while Defendant asserts that the evidence shows his version of events was medically correct and that there was no indication that Plaintiff had a gastrointestinal or abdominal condition, or an emergent or urgent condition, it cannot be concluded that Plaintiff did not, in fact have a serious gastrointestinal or abdominal condition which was the cause of his pain on November 13, 2013, or that any such condition resolved without treatment.

Further, the evidence also shows that Plaintiff filed a Patient/Inmate Health Care Appeal, on November 14, 2013, with "EMERGENCY" written at the top of it, that he attached as an exhibit to both his Complaint and his opposition. (Doc. 1, pp. 6-13, 23; Doc. 33, p. 10-17.) In this appeal, Plaintiff complained of the precise events that he alleges in his claim against Defendant and requested to see a physician because he was still in pain. (Doc. 1, p. 6; Doc. 33, p. 10.) This health care appeal was accepted at the first level and bypassed to the second level of review. (*Id.*) The second level response changed this from a health care appeal to a staff complaint. (Doc. 1, p. 10; Doc. 33, p. 14.) In Plaintiff's explanation of dissatisfaction with the

9

second level response, which he submitted on January 5, 2014, Plaintiff stated that he had not received any relief for the pain and suffering he was experiencing, that he had not received any medical treatment for his stomach cramping and as a result he continued to be in severe pain and requested "to see a physician ASAP" for his stomach cramping. (Doc. 1, pp. 7, 9; Doc. 33, pp. 11, 13.) The third level response issued on January 27, 2014 noted Plaintiff's version of the November 13, 2013 exam, and that Plaintiff was requesting to be seen by a physician. (Doc. 1, pp.12-13; Doc. 33, pp. 16-17.) It indicated also that the appeal had been converted to a staff complaint and that Plaintiff would have to submit another request for medical care to be seen by a physician. (Doc. 1, pp.12-13; Doc. 33, pp. 16-17.)

The evidence also shows that on January 3, 2014, Plaintiff filed an action in the Kern County Superior Court for an "Emergency Writ of Mandate" (signed on November 20, 2013). In it he alleged the events that occurred on November 13, 2013 and asserts that he was in unnecessary and wanton pain and that it was getting worse and affecting his daily activities. (Doc. 1, pp. 15-21; Doc. 30-4, pp. 16-22.) Given this, the Court cannot conclude that Plaintiff did not have any subsequent abdominal pain or stomach cramp complaints for over three months after November 13, 2013, as Defendant contends. (*See* Doc. 30-2, pp. 9-10.)

Taken in the light most favorable to Plaintiff, the evidence supports an inference, *Comite de Jornaleros de Redondo Beach*, 657 F.3d at 942, sufficient to rebut Defendant's evidence by demonstrating that Defendant knew Plaintiff was suffering from stomach cramping which caused him extreme pain and failed to provide Plaintiff treatment for it on November 13, 2013, which "could result in further significant injury or the unnecessary and wanton infliction of pain" which harmed Plaintiff. *Wilhelm*, 680 F.3d at 1122. Thus, a triable issue of fact exists as to what actually occurred during the November 13, 2013 medical visit. Whether to believe Plaintiff's version or Defendant's version is a decision for the trier of fact. However, the significant dispute of fact, precludes summary judgment.

Defendant's argument that a disagreement over medical treatment is not cognizable (Doc.

30-2, 8:8-9:3) is a correct statement of law,[3] but otherwise irrelevant. Defendant states that on November 13 he examined Plaintiff and addressed his pain, Plaintiff states that Defendant rudely questioned why Plaintiff was there and sent him away without examination or treatment of any kind. The factual dispute in this case is not whether the treatment provided by Defendant was appropriate, but whether on November 13th Defendant examined or treated Plaintiff at all for his painful medical condition.

Though Defendant's evidence both that Plaintiff did not present for medical care for similar issues for over three months (*id.*, at 9:4-10:7) and that after the disputed visit of November 13th, Plaintiff received adequate medical care from KVSP medical staff and his complaints resolved after February 21, 2014, (*id.*, at 10:8-12:20) implies that the condition Plaintiff presented for on November 13th neither lingered nor worsened, this does not discount Plaintiff's version of events between them in the exam room on November 13th and does not account for Plaintiff's efforts to secure medical care for his continuing painful condition outside of the exam room.

Since a genuine issue as to any material fact exists, *Matsushita.,* 475 U.S. at 586, Defendant is not entitled to summary judgment on the merits of Plaintiff's claim.

**C.   Qualified Immunity**

Defendant also argues that he is entitled to qualified immunity. (Doc. 30-2, MSJ P&A, 12:21-14:11.) "Qualified immunity shields government officials from civil damages liability unless the official violated a statutory or constitutional right that was clearly established at the time of the challenged conduct." *Taylor v. Barkes*, --- U.S. ---, 135 S.Ct. 2042, 2044 (June 1, 2015) quoting *Reichle v. Howards*, --- U. S. ---, 132 S.Ct. 2088, 2092 (2012). Qualified immunity analysis requires two prongs of inquiry: "(1) whether 'the facts alleged show the official's conduct violated a constitutional right; and (2) if so, whether the right was clearly established' as of the date of the involved events 'in light of the specific context of the case.'" *Tarabochia v. Adkins*, 766 F.3d 1115, 1121 (9th Cir. 2014) quoting *Robinson v. York*, 566 F.3d

---

[3] *See Estelle v. Gamble*, 429 U.S. 97, 107 (1976) (a difference of opinion between an inmate and prison medical staff regarding diagnosis, treatment, and medical records is insufficient to state a cognizable Eighth Amendment violation).

817, 821 (9th Cir. 2009); *see also Pauluk v. Savage* , --- F.3d. ---, 2016 WL 4598287, *8 (9th Cir. Sept. 8, 2016). These prongs need not be addressed in any particular order. *Pearson v. Callahan,* 555 U.S. 223 (2009).

To determine whether a government official should be granted qualified immunity, under the first prong, the facts are to be viewed "in the light most favorable to the injured party." *Chappell v. Mandeville*, 706 F.3d 1052, 1058 (9th Cir. 2013) quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001), *receded from on other grounds by Pearson*, 355 U.S. at 817-21; *see also Bryan v. MacPherson*, 630 F.3d 805, 817 (9th Cir. 2010). Under the second prong, clearly established law is not to be defined "at a high level of generality." *White v. Pauly*, --- S.Ct. ---, 2017 WL 69170, *4 (January 10, 2017) quoting *Ashcroft v. al-Kidd*, 563 U.S. 731, 742 (2011); *see also Mullenix v. Luna*, --- U.S. ---, 136 S. Ct. 305, 308 (2015) quoting *al-Kidd, supra* at 742. "The dispositive question is 'whether the violative nature of *particular* conduct is clearly established.' " *Ibid.* (emphasis added in *Mullinex*). "This inquiry ' " 'must be undertaken in light of the specific context of the case, not as a broad general proposition.' " ' " *Id.*, quoting *Brosseau v. Haugen*, 543 U.S. 194, 198 (2004) (per curiam ) (quoting *Saucier v. Katz*, 533 U.S. 194, 201 (2001)). "[G]eneral statements of the law are not inherently incapable of giving fair and clear warning" to officers, *White*, at *5, quoting *United States v. Lanier*, 520 U.S. 259, 271 (1997), but "in the light of pre-existing law the unlawfulness must be apparent," *Id.*, quoting *Anderson v. Creighton*, 483 U.S. 635, 640 (1987). "The relevant inquiry is whether existing precedent placed the conclusion that [the defendant] acted unreasonably in the [specific circumstances confronted] 'beyond debate.' " *Mullenix, supra*, at 309 quoting *al–Kidd, supra*, at 741.

"To be clearly established, a right must be sufficiently clear that every reasonable official would have understood that what he is doing violates that right." *Reichel*, 132 S.Ct. at 2092; *see also Castro v. County of Los Angeles,* --- F.3d ---, 2016 WL 4268955, *4 (9th Cir. Aug. 15, 2016). "When properly applied, [qualified immunity] protects all but the plainly incompetent or those who knowingly violate the law." *al-Kidd*, 563 U.S. at 743 (citation and internal quotation marks omitted). "We do not require a case directly on point, but existing precedent must have

placed the statutory or constitutional question beyond debate." *Id.*, at 741. "[A] 'robust consensus of cases of persuasive authority' " in the Courts of Appeals *could* establish the federal right [in question]." *City and County of San Francisco v. Sheehan*, --- U. S. ---, 135 S.Ct. 1541, 1778 (2015) (slip op., at 16) (emphasis added) (word choice of "could" (i.e. possibility) by the Court noteworthy and distinguishable from a finding that a "robust consensus" of appellate court decisions *"would"* or *"shall"* (i.e. definitive) establish the existence of a federal right).

As correctly stated by Defendant, the clearly established law at the time of the event at issue is based on the deliberate indifference standard in *Estelle*. (Doc. 30-2, MSJ P&A, p. 13.) To establish deliberate indifference to a prisoner's serious medical needs, the prison official's conduct must constitute "unnecessary and wanton infliction of pain." *Estell*, 429 U.S. at 104. Defendant also correctly states that, to "prove an Eighth Amendment deliberate indifference claim, the plaintiff must show that the defendant was not only "aware of the facts from which the inference could be drawn that a substantial risk of serious harm exist[ed]," but he must also show that the defendant actually drew that inference." (Doc. 30-2, at pp. 13-14, quoting *Toguchi*, 391 F.3d at 1057.) Defendant asserts that a reasonable official in Defendant's position, on November 13, 2013 would have believed that his conduct (listening to the subjective complaints of Plaintiff, performing a physical examination, noting his findings, and providing medically appropriate advice) was lawful in light of the clearly established law. (*Id.*)

However, for qualified immunity purposes, the facts are to be viewed "in the light most favorable to the injured party." *Chappell*, 706 F.3d at 1058. Thus, Plaintiff's claim that Defendant did not examine him are sufficient to demonstrate at this point, a violation of Plaintiff's clearly established rights under the Eighth Amendment. *See Wilhelm*, 680 F.3d at 1122 (quoting *Jett*, 439 F.3d at 1096) (a purposeful act or failure to respond to a prisoner's pain suffices). Thus, Defendant is not entitled to qualified immunity.

**V.      Recommendation**

As set forth herein, this Court finds that Defendant's motion for summary judgment should be denied as Plaintiff has established a triable issue of fact and Defendant is not entitled to

qualified immunity.

Accordingly, the Court **RECOMMENDS** that Defendant's Motion for Summary Judgment, filed on September 1, 2016 (Doc. 30), should be **DENIED.**

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  **Within 21 days** after being served with these Findings and Recommendations, the parties may file written objections with the Court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal.  *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: __February 17, 2017__     ____/s/ Jennifer L. Thurston__
                                                             UNITED STATES MAGISTRATE JUDGE